Craig C. Marchiando (SBN 283829)
Leonard A. Bennett, *pro hac vice forthcoming*
Elizabeth Hanes, *pro hac vice forthcoming*
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: 757-930-3660
Fax: 757-257-3450
craig@clalegal.com

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
San Francisco Division**

| | |
|---|---|
| **KEVIN CLOBES,** | Civil Action No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT** |
| **CHECKR, INC.,** | |
| Defendant. | (DEMAND FOR JURY TRIAL) |

COMES NOW the Plaintiff, Kevin Clobes, by Counsel, and alleges as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this Complaint for willful violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681a–x ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA"), against Defendant Checkr, Inc. after Checkr incorrectly reported to Plaintiff's potential employer that Plaintiff had criminal history that he does not. The potential employer refused to hire Plaintiff because of this inaccuracy. Under the FCRA, Plaintiff seeks actual damages, punitive damages as the Court may allow, and his attorneys' fees and costs for Defendant's willful violations.

2. The FCRA requires consumer reporting agencies ("CRAs") like Checkr to utilize reasonable procedures to assure the maximum possible accuracy of the information they report. 15 U.S.C. § 1681e(b). Checkr fell short of such procedures when it inaccurately reported that Plaintiff had

been convicted of driving while intoxicated on two occasions when he had not been so convicted. The Plaintiff missed-out on a valuable employment opportunity because of Checkr's mistake.

## II. JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides within the boundaries of the Northern District of California.

## III. PARTIES

5. Plaintiff Kevin Clobes is a natural person who resides in California. He is a "consumer" as defined in 15 U.S.C. § 1681a(c).

6. Defendant Checkr, Inc. is a corporation existing under the laws of California with its principal place of business in San Francisco, California.

7. Checkr is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Checkr is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

8. Checkr is a "consumer credit reporting agency," as defined in Cal. Civ. Code Ann. § 1785.3, as it is regularly engaged in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties.

9. Checkr disburses consumer reports to third parties for employment purposes, under contract, for monetary compensation as recognized and governed by the FCRA and CCRAA.

## IV. FACTS

10. In September of 2016, Mr. Clobes applied for a position as a delivery driver with non-party Postmates, Inc.

11. As part of the application process, Postmates required Plaintiff to agree to its obtaining a consumer report for employment purposes (commonly known as a "background check") to evaluate him as a potential employee.

12. Postmates obtained that report from Checkr on around September 28, 2016. The report included entries of two 2012 convictions from unknown jurisdictions for "DUI/DWI."

13. On October 4, 2016, Postmates emailed Plaintiff and provided him a copy of the inaccurate report, explaining that the entries for DWI/DUI may cause Postmates not to hire him.

14. Plaintiff contacted Postmates to dispute the inaccuracy, and Postmates stated it could not do anything about the information in the report and directed Plaintiff to contact Checkr with his dispute.

15. Plaintiff then brought his dispute to Checkr, but it did not correct his report. Plaintiff's ability to dispute the inaccuracies in his report with Checkr was all the more difficult because Checkr's report failed to identify the jurisdiction, law-enforcement agency, court, or case number of the inaccurate DWI convictions it reported.

16. On October 11, 2016, Postmates emailed Plaintiff and confirmed that it would not employ him because of the inaccurate information Checkr reported about him.

17. The FCRA demands that consumer reporting agencies ("CRAs") like Checkr utilize "reasonable procedures to ensure maximum possible accuracy" of the information they report. 15 U.S.C. § 1681e(b).

18. Discovery will show that Checkr uses largely automated processes for obtaining public-record information using webscrape technology, in which a computer program accesses court or county websites across the country and retrieves criminal-history information like that it attributed to Plaintiff.

19. Checkr then compiles this information, without checking the accuracy of its computerized record-gathering, and populates the information into reports like the one it provided to Postmates about Plaintiff. Discovery will show that this all takes place electronically, with no human being involved in the compiling, matching, and reporting of criminal-history information.

20. Had Checkr utilized any form of verification of the criminal records it gathers, it would have learned that its DWI convictions it included in the report to Postmates was inaccurate.

21. At all times relevant to this Complaint, Checkr's conduct was at least negligent as to Plaintiff's statutory rights. Checkr could have used a more rigorous method for obtaining criminal-

history information that would not have yielded the inaccurate DWI convictions it reported about Plaintiff, yet Checkr opted for a cheaper method of record gathering that needlessly increases the chances of inaccuracy.

22. Checkr then puts the onus on consumers to correct its mistakes by disputing inaccuracies they find in Checkr's reports, whereas Checkr is in a position to prevent any such inaccuracies.

23. Additionally, Checkr's conduct was willful and carried-out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, Checkr's conduct was willful because it ran a risk of harm that was known, or so obvious it should have been known, by failing to implement any procedure to identify and correct these common errors prior to furnishing reports.

## COUNT ONE:
## CLAIM AGAINST CHECKR FOR VIOLATION OF
## FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681e(b)

24. Mr. Clobes realleges and incorporates all other factual allegations set forth in the Complaint.

25. Checkr violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff by erroneously listing DWI convictions that are not his.

26. As a result of Checkr's violations of 15 U.S.C. § 1681e(b), Mr. Clobes suffered actual damages such as lost wages, frustration, stress, mental distress, loss of sleep, and lost time attempting to correct the inaccuracies.

27. The violations by Checkr were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Checkr was negligent, which entitles Mr. Clobes to recovery under 15 U.S.C. § 1681o.

28. Mr. Clobes is entitled to recover actual damages, punitive damages, costs and attorney's fees from Checkr in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

COUNT TWO:
CLAIM AGAINST CHECKR FOR VIOLATION OF
CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
CAL. CIV. CODE ANN. § 1785.18(a)

29. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

30. CAL. CIV. CODE ANN. § 1785.18(a) requires that CRAs like Checkr "specify in any report containing public record information the source from which that information was obtained, including the particular court, if there be such, and the date that the information was initially reported or publicized."

31. The DWI information Checkr reported to Postmates does not include any information about jurisdiction, court, law enforcement agency, or any source of the public-record information.

32. These exclusions hampered Mr. Clobes' ability to dispute and have the inaccuracies corrected, as he had no idea where the information Checkr reported came from.

33. As a result of Checkr's violations of CAL. CIV. CODE ANN. § 1785.18(a), Mr. Clobes suffered actual damages.

34. Plaintiff is entitled to recover his actual damages under CAL. CIV. CODE ANN. § 1785.31(a)(1).

35. The violations by Checkr were willful, rendering Checkr liable for punitive damages of between $100 and $5,000 per violation pursuant to CAL. CIV. CODE ANN. § 1785.31(a)(2).

36. Plaintiff is also entitled to recover costs and attorneys' fees from Checkr in an amount to be determined by the Court pursuant to CAL. CIV. CODE ANN. § 1785.13(a)(1).

37. The Court may also award injunctive relief to Plaintiff to, for example, require Checkr to issue reports in the future that contain all applicable identifying information (such as court, jurisdiction, and case number) attributable to public-record information it reports.

### COUNT THREE:
### CLAIM AGAINST CHECKR FOR VIOLATION OF
### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### CAL. CIV. CODE ANN. § 1785.18(b)

38. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

39. The CCRAA requires that CRAs reporting public-record information have in place strict procedures "designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date." CAL. CIV. CODE ANN. § 1785.18(b).

40. Though the statute does not define what information must be included for a record to be considered "complete," it certainly must mean designations such as the jurisdiction, court, law-enforcement agency, or case number attributable to the records.

41. In reporting the DWI information to Postmates, Checkr failed to include any information that would assist Plaintiff in determining the origin of the convictions Checkr reported.

42. As a result of Checkr's violations of Cal. Civ. Code Ann. § 1785.18(b), Mr. Clobes suffered actual damages.

43. Plaintiff is entitled to recover his actual damages under CAL. CIV. CODE ANN. § 1785.31(a)(1).

44. The violations by Checkr were willful, rendering Checkr liable for punitive damages of between $100 and $5,000 per violation pursuant to CAL. CIV. CODE ANN. § 1785.31(a)(2).

45. Plaintiff is also entitled to recover costs and attorneys' fees from Checkr in an amount to be determined by the Court pursuant to CAL. CIV. CODE ANN. § 1785.13(a)(1).

46. The Court may also award injunctive relief to Plaintiff to, for example, require Checkr to issue reports in the future that contain all applicable identifying information (such as court, jurisdiction, and case number) attributable to public-record information it reports.

### V. DEMAND FOR RELIEF

Plaintiff therefore respectfully requests that this Court:

  (1) Award Plaintiff actual, statutory and punitive damages for Checkr's violations of the FCRA;

  (2) Award Plaintiff actual, statutory and punitive damages for Checkr's violations of the CCRAA;

  (2) Award Plaintiff attorneys' fees and costs under the FCRA and CCRAA;

  (3) Award Plaintiff postjudgment interest; and

  (4) Award other relief, including injunctive or other equitable relief, as the Court deems appropriate.

**TRIAL BY JURY IS DEMANDED.**

        Respectfully submitted,

        **KEVIN CLOBES,**

        By: */s/ Craig C. Marchiando*
        Craig C. Marchiando (SBN 283829)
        **CONSUMER LITIGATION ASSOCIATES, P.C.**
        763 J. Clyde Morris Blvd., Suite 1-A
        Newport News, VA 23601
        Tel: 757-930-3660
        Fax: 757-257-3450
        craig@clalegal.com

        ***Attorney for Plaintiff***